EZEKIEL PORTER & al. *versus* HARRISON O. READ.

A delivery of a deed with an indorsement on the back, by the grantee, that he has transferred the within deed upon certain conditions, conveys no legal title to the person to whom the delivery is made. His rights rest only in contract, and are to be enforced in equity.

One having an interest by virtue of a contract, not under seal, in real estate subject to a mortgage, is not entitled to redeem by virtue of St. 1821, c. 39, § 1, and if in possession of the premises, cannot insist in a suit against him, that a conditional judgment shall be rendered for the plaintiffs.

THIS was a writ of entry for a tract of land in Strong. The writ was dated August 13, 1838. The general issue was pleaded and joined.

The plaintiffs, to prove their title to the demanded premises, read in evidence a quit claim deed for the consideration of ten dollars from Nathan Cutler to the plaintiffs, of the demanded premises, dated July 6th, 1838, describing them as the same conveyed by Andrew H. Bonney, to Amos C. True, and by said True mortgaged to Harvey Bonney, which said mortgage had been assigned to said Cutler ; likewise a mortgage deed from Amos C. True to Harvey Bonney of the demanded premises, dated Sept. 23d, 1837, conditioned for the payment of the sum of three hundred dollars, in one, two and three years from Jan. 7, then next, and interest, on the payment of which this deed, as also three certain notes bearing even date with these presents, given by the said Amos C. True, and James True, to the said Harvey Bonney, to pay the sum and interest at the time aforesaid, shall both be void — on the back of which was an assignment from Harvey Bonney, to Nathan Cutler, dated Oct. 6th, 1837. The plaintiffs also read a warrantee deed from Amos C. True, to them for the same premises, dated July 6th, 1838.

The defendants then offered in evidence a deed of the demanded premises from Andrew H. Bonney to Amos C. True, dated Sept. 23d, 1837, on the back of which, was an indorsement in these words.

" Freeman, May 9, 1838. I hereby certify that I have this day transferred the within deed with all its contents to Har-

rison O. Read of Strong, provided he, the said Read, takes up and delivers to me, Amos C. True, three several notes of one hundred dollars each, payable annually to Harvey Bonney of Strong.                             Amos C. True."

At the time the last deed was given to the defendant, he gave to Amos C. True a writing of which the following is a copy.

" Freeman, May 9, 1838. I hereby certify that I will take up and deliver unto Amos C. True of Freeman, three notes of hand signed by Amos C. True and James True of Strong, unto Harvey Bonney of Strong, one hundred dollars each, given Sept. 23, 1837, payable in January annually.

                                " Harrison O. Read."

It appeared from the testimony of said True, that after the papers were executed, that Read promised to take up the notes and deliver them to James True, within a week or ten days, and that he entered into possession of the premises.

It was likewise proved that on the maturity of the two first notes, the defendant tendered the amount due to the plaintiffs, who declined accepting it — and that the plaintiffs knew that True had delivered over to Read a deed with a writing upon it ; but that True denied Read had complied with the contract on his part.

There was other evidence introduced, but as it was not material in the decision of the cause, it is not reported.

Upon the whole evidence, EMERY J. who presided at the trial, instructed the jury that the defendant had made out no legal defence to the action, and directed them to render their verdict for the plaintiff.

The jury returned their verdict for the defendant — and in reply to certain questions propounded by the Court, made answer that the plaintiffs had full knowledge at the time of the conveyance of Amos C. True, of his previous conveyance and assignment to the defendant and that the defendant had entered into the premises under this assignment ; and that the amount due on the two first notes made by Amos C. True, to Harvey Bonney was duly tendered to the plaintiffs as they became payable.

*R. Goodenow*, for the demandants. The evidence admitted for the defendant should have been excluded. The deed from Bonney with the indorsement thereon should not have been received. No consideration appears for the indorsement. The deed and indorsement could not confer a title to the plaintiff. The indorsement had none of the characteristics of a conveyance of real estate. St. 1821, c. 36, § 1. A deed is a writing sealed. Co. Lit. 35, b.; 2 Hill. Abr. 279. Conveyance is a term of equivalent meaning. *Dudley* v. *Sumner*, 5 Mass. R. 472; *Livermore* v. *Bagley*, 3 Mass. R. 487; *Dudley* v. *Sumner*, 4 Mass. R. 478. There was then no conveyance to the tenant.

There was no assignment. That must be by deed. *Perkins* v. *Parker*, 1 Mass. R. 117; *Wood* v. *Partridge*, 11 Mass. R. 488; *Cutts* v. *Perkins*, 12 Mass. R. 206.

No title can be shown by parol. But if the indorsement be admitted, it is upon condition; and it is of no avail unless the condition has been performed. That has not been done. The parties fixed upon a term within which the notes were to be taken up; but it was not done. This agreement is binding upon the parties. *Cocker* v. *Franklin H. & F. Man. Co.* 3 Sum. 530.

If the defendant is the mortgagor, or in the place of the mortgagor, there is nothing to prevent the plaintiff's recovery; there being no agreement by which he is to remain in possession.

*Tenney* and *Belcher*, for the tenant. The jury have found that the plaintiffs purchased with knowledge of the rights of the tenant — and that the tenant has paid the True notes as they severally became due. The contract between the parties was in writing; and conveyed an equitable interest so that the defendant is entitled to have the conditional judgment rendered against him. To convey an equitable title, a deed is not necessary. Here the written agreement was followed by the possession and occupation of the premises. The tender of the amount due was equivalent to a payment, the defendant having a right to redeem — the conditional

judgment should be rendered against them, and thus justice will be done.

The opinion of the Court was delivered by

SHEPLEY J. — It appears, that Andrew H. Bonney formerly owned the demanded premises, and on the twenty-third day of September, 1837, conveyed them to Amos C. True, who on the same day conveyed them in mortgage to Harvey Bonney, to secure the payment of three promissory notes of one hundred dollars each, made by him and James True, and payable to Harvey Bonney, who on the sixth of October following assigned his mortgage to Nathan Cutler, who caused the deed and assignment to be recorded the twenty-fourth of March, 1838, and on the sixth of July following conveyed by deed of release to the demandants; who on the same day obtained a conveyance from Amos C. True, by deed of warranty, and thereby obtained the entire title to the premises; unless the operation of the last of these conveyances was defeated by the following contract written on the back of the deed from Bonney to him and signed by Amos C. True on the ninth of May, 1838. "I hereby certify, that I have this day transferred the within deed with all its contents to Harrison O. Read, of Strong, provided the said Read takes up and delivers to me, Amos C. True, three several notes of one hundred dollars, each payable annually unto Harvey Bonney of Strong." Read at the same time entered into a contract in writing to take up and deliver the notes to True. The jury found, that the demandants purchased of True with the knowledge, that he had before contracted to sell to the tenant. It is admitted, that the verdict for the tenant must be set aside and one entered for the demandants; but the counsel for the tenant contend, that their judgment on it should be a conditional one upon the title in mortgage only. In this State, the legal title to real estate cannot be conveyed by a personal contract not under seal, although it may be in some cases by the vote of a corporation, or by proceedings in conformity to certain statute provisions. It was decided in *Warden* v. *Adams*, 15 Mass. R.

233, that a delivery of a mortgage deed under a parol contract to assign it, would not convey an interest in the estate. While in equity it has been held, that an assignment of the debt will draw the land after it. *Green* v. *Hart,* 1 Johns. 591. In this case the attempt was not to assign the mortgage but to transfer the title to the estate subject to it. The rights of the tenant exist only in contract. He has acquired no legal interest in or title to the land. And if thus situated he is not entitled to redeem, he cannot insist on a conditional judgment. It is provided by Statute c. 39, § 1, that "the mortgagor or vendor, or other person lawfully claiming under them, shall have right to redeem." The intention was, that such person should be one lawfully claiming under the title, for the same section makes provision, that the person receiving payment should restore the possession and convey by deed all his right "to the person making such tender, having lawful right to redeem the same, or cause satisfaction and payment to be entered in the margin of the record." The tenant may be enabled in equity to preserve and enforce his rights under the contract with True. 2 Fonb. Eq. b. 2, c. 6, § 2, note (i). *Taylor* v. *Stibbert,* 2 Ves. jr. 437. But they cannot be recognized and enforced here. True, who denies that he has fulfilled the contract on his part, is not a party to this suit, and is entitled to be heard before there can be a decision against him. The verdict for the tenant is to be set aside, and a verdict and judgment thereon is to be entered for the demandants.